UNIVERSITY OF PUERTO RICO, Petitioner and Appellee, *v.* JORGE LUIS LANDING, Respondent and Appellant.

No. 9985. Argued January 17, 1950.—Decided February, 14, 1950.

*David Curet Cuevas, José E. Bosch Roqué,* and *Luis Archilla Laugier,* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

Per Curiam: Appellant was found guilty of criminal contempt in that he violated a writ of preliminary injunction issued by the lower court itself on May 28, 1948 enjoining him from entering the campus of the University of Puerto Rico, which was described in the writ, and further enjoining him from performing and encouraging acts of violence which might result in destruction to the University property.

He was sentenced to pay a fine of $100 or to serve a day in jail for each $3.33 he left unpaid.

He assigns three errors in his brief: (1) The lower court's denial of the motion concerning lack of jurisdiction; (2) That the evidence is insufficient to sustain his conviction and (3)

That the judgment rendered does not comply with the requisites of law.

The alleged lack of jurisdiction to which the first assignment of error refers, consists, according to appellant, in the contempt proceeding having been presented by motion of the University of Puerto Rico and not by an information in the name of The People of Puerto Rico against the appellant; that the Extraordinary Remedies Section of the District Court of San Juan was not empowered to take cognizance of a proceeding for criminal contempt, since said proceeding corresponded to the Criminal Section; and because the affidavit under which the lower court issued the order to show cause against the defendant was insufficient.

In regard to the first of the three grounds for this error it is enough to indicate that sometime ago this Court ruled that it is unnecessary to present an indictment or information to charge a person with the commission of a criminal contempt, *Sánchez* v. *Romany, Judge*, 53 P.R.R. 568, 570, inasmuch as the order to show cause substitutes, for all legal effects, the information or indictment. *De Torres* v. *District Court,* 58 P.R.R. 519, 527–8. The second ground is untenable. There is only one District Court of San Juan and the provisions of Act No. 212 of 1946 creating said Court are directory and do not affect the power or jurisdiction of the judges to act in a case over which the court as such has jurisdiction. *Portela* v. *District Court*, 66 P.R.R. 268. The third ground is frivolous. In the affidavit on which the order to show cause was based it is clearly stated that during the morning hours of August 26, 1948 the police officer who made said affidavit, *saw* Jorge Luis Landing (and others not necessary to mention here) within the campus of the University in Río Piedras. It is further stated in said affidavit that the affiant knew Landing as well as the others to whom the affidavit he *personally* made referred; and that all of them were within the campus of the University on the morn-

ing of the aforesaid day. Such affidavit sufficiently demonstrated the violation of the order of preliminary injunction by placing Landing in the University campus from which he had been barred.

The second error assigned deserves no consideration. The appellant himself points out in his brief that had certain and definite legal requirements been complied with (he refers essentially to the grounds set forth in the first assignment of error) he could be sentenced for criminal contempt since the mere fact of entering the campus of the University (which point was proved and not controverted) is sufficient therefor.

The third error assigned to the effect that the judgment does not comply with the requisites of law because it had to state something more than the finding of the Judge as to defendant's guilt, does not exist. Even though appellant does not set it forth expressly, we gather that he refers to the requirements of § 3 of the Act "Defining the Offense of Contempt of Court and providing for the Punishment Thereof."[1] Said Section does not require that the act or acts constituting the contempt or the date and place of its commission and the circumstances thereof, be set forth *in the judgment*. It is the *warrant* which must contain such requirements. *De Torres* v. *District Court, supra*. Two different documents are involved and in the present case appellant challenges the judgment and not the warrant. There is nothing in the record tending to show that said judgment is void.

---

[1] ". . . whenever a person is fined or committed to jail for a contempt of court, an *order or warrant* for such fine or imprisonment must be signed by the judge delivering such sentence, setting forth the act or acts constituting such contempt, with the time and place of the commission thereof, and the circumstances, and specifying the sentence of the court; otherwise such sentence will be wholly invalid and inoperative." (Italics ours). Section 3 of the Contempt Act, Penal Code, 1937 ed., p. 86.